[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision re: Defendant's Motion to Dismiss
The Notice to Quit in the above captioned matter was served by Mordecai Biser. The plaintiff claims Mordecai Biser was an indifferent person who was permitted to serve the Notice to Quit pursuant to General Statutes 47a-23(c). The defendants have moved to have this case dismissed claiming that Mordecai Biser was not an indifferent person.
The court finds that Mordecai Biser was not an indifferent person within the meaning of the statute since he delivered the lease to the defendants, modified the lease, collected the first month's rent and security deposit from the defendants, and gave possession of the apartment to the defendants. Mr. Biser was acting as the agent for the plaintiff. Mr. Biser was not an indifferent person also because he has known Daniel Greer, the principal of the plaintiff, for nine years and has socialized with him on numerous occasions, including having dinner at his home. Mr. Biser was not "unbiased, impartial, and not affected to one party more than another" and, therefore, was not an indifferent person. CFM of Ct. v. Chowdhury, SPH 8908-51659 (Hartford Decision #909), 1989. See also Harmel Realty v. Lejeune, SPH 8603-32495 (Hartford Decision #750), 1986. Since Mr. Biser was not an indifferent person, proper service of the Notice to Quit was not made. General Statutes 47a-23(c).
Further, the court finds that improper service of the Notice to Quit deprives the court of subject matter jurisdiction. Linwood Realty Co. v. Melendez, SPH 8309-20427 (Hartford Decision 1983; Berlin Housing Authority v. McGrath, SPN 8806-11298 (Hartford Decision #867), 1988. A claim that the court lacks subject matter jurisdiction may be raised at any time and cannot be waived. Practice Book 145.
The motion to dismiss is granted.
Mintz, J. CT Page 10521